FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 9 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02094-BNB

WILLIAM SATRANG,

    Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant William Satrang is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Satrang has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on October 6, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response (Response) limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On October 23, 2008, Respondent filed a Preliminary Response. Mr. Satrang did not file a Reply within the time allowed.

The Court must construe liberally the Application because Mr. Satrang is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application is held to standards less stringent than those governing a formal pleading drafted by attorneys.

*See id.* However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. Satrang challenges the calculation of his federal sentence. He contends that the BOP refuses to apply eleven months and fourteen days of detention credit, the time from August 10, 2006, until July 22, 2007, against the forty-five month federal sentence that he is serving. Respondent argues that this action should be dismissed because Mr. Satrang has failed to exhaust his administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Satrang. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional

2

director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Mr. Satrang concedes in the Application that he did not exhaust his administrative remedies prior to filing the instant action. Mr. Satrang, however, argues that the exhaustion requirement should be excused because exhaustion of his administrative remedies would be futile. Mr. Satrang specifically asserts, in the Application, that exhaustion would be futile because Respondent has determined that he is not entitled to the disputed detention credits and will not revisit that determination. Applicant further asserts that Respondent refuses to respond to his administrative remedy requests that he has submitted to resolve the dispute. Finally, Mr. Satrang asserts that he has lost the opportunity to participate in the substance abuse treatment program, and any delay by this Court to process the Application would prejudice him.

Mr. Satrang is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). He, however, fails to convince the Court that exhaustion of his administrative remedies would be futile in this action. Mr. Satrang has not demonstrated that his administrative remedy requests were ignored or that a proper attempt at exhausting his remedies would be futile.

According to the BOP records submitted by Respondent in support of his Response, Mr. Satrang has filed only one administrative remedy request. (Resp. at Attach. 8.) The remedy request challenges the BOP's failure to apply credit to his sentence for the time he was detained prior to and after his conviction and sentence.

3

(Resp. at Attach. 8.) The remedy request was received by the warden on September 12, 2008, and was denied on September 17, 2008. (Resp. at Attach. 9.) Mr. Satrang appealed the denial to the regional level within the time allowed, and the appeal was denied on October 21, 2008. (Resp. at Attach 9.)

Mr. Satrang, also on May 6, 2008, prior to submitting his administrative remedy request to the BOP, filed a motion to amend the judgment in his criminal case in the United States District Court for the District of North Dakota (District of North Dakota). *United States v. Satrang*, No. 06-cr-00078-RRE-10, Doc. No. 265 (D. N.D. Sept. 24, 2008). On September 18, 2008, the District of North Dakota entered an amended judgment allowing Mr. Satrang credit for 313 days, from August 10, 2006, until June 18, 2007. *Id.* at Doc. No. 274.

Mr. Satrang's claim that he is unable to complete the administrative remedy process is belied by the evidence submitted by Respondent. Mr. Satrang has received a response from both the warden and the regional director regarding the disposition of administrative remedy request. Furthermore, Mr. Satrang has received relief from the sentencing court in that he was granted 313 days credit to his sentence. To the extent, however, he still seeks to obtain credit for the time from June 19, 2006, until July 22, 2006, he has not exhausted his administrative remedies.

The Court further finds that Mr. Satrang's irreparable harm claim lacks merit. He fails to assert how his denial of detention credits is related to his participation in a drug substance abuse program under 18 U.S.C. § 3621(b).

For the above-stated reasons, the Court finds that Mr. Satrang fails to demonstrate that exhausting his administrative remedies would be futile. Mr. Satrang

may not exhaust "administrative remedies by, in essence, failing to employ them." **See** *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 9 day of Dec., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02094-BNB

William Satrang
Reg. No. 04079-059
FCI - Florence
PO Box 6000
Florence, CO 81226

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/9/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk